# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave., Suite 610 Silver Spring, MD 20910<br><br>*Plaintiff,*<br>v.<br><br>U.S. FISH & WILDLIFE SERVICE 1849 C St. NW, Washington, DC 20240<br><br>*Defendant.* | CIVIL ACTION NO. 25-3485<br><br>**COMPLAINT** |

## **PRELIMINARY STATEMENT**

1. Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Fish & Wildlife Service ("FWS") to disclose records that PEER requested pursuant to FOIA that are now over nine months overdue for a determination of whether to comply with the request and the reasons therefore. FWS has neither made a determination nor produced any records responsive to this request.

2. On November 27, 2024, PEER submitted a FOIA request for documents and communications concerning FWS's policies concerning employees speaking to, or having contact with, journalists or media outlets. To date, Defendant has failed to make a final determination on PEER's FOIA request and has failed to disclose all (or any) of the requested records within the time stipulated under FOIA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

4. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

5. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

6. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

7. Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C., and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, and Massachusetts.

8. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including public lands and natural resource management, the regulation and remediation of toxic substances, public funding of environmental and natural resource agencies, and government accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

9. Defendant FWS is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

10. FWS is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. The failure of FWS to provide PEER with the records

requested and its failure to make a final determination on PEER's FOIA request within 20 working days are violations of FOIA.

## STATEMENT OF FACTS

11. On November 27, 2024, PEER submitted a FOIA request seeking the following:

    a. All final documents, including but not limited to policies, guidance, or memorandum, that cover the most current rules, regulations, or conditions for employees speaking to or having contact with journalists or media outlets.

12. On November 27, 2024, FWS sent an email to PEER acknowledging receipt of the request and assigning the request tracking number DOI-2025-001878.

13. On September 10, 2025, PEER sent an email to FWS requesting an update on the FOIA request. To date, FWS has not responded to PEER's email.

14. On September 18, 2025, PEER sent another email to FWS requesting an update on the FOIA request. To date, FWS has not responded to PEER's email.

15. To date, PEER has not received a determination or any records related to this request.

## CAUSE OF ACTION

16. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

17. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

18. FOIA requires agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

19. Twenty working days from PEER's request was December 27, 2024.

20. At no time has FWS claimed that "unusual circumstances" warrant the ten working day extension available under 5 U.S.C. § 552(a)(6)(B)(i). Regardless, an extension of ten working days on the request would have been January 13, 2025.

21. As of the date of this filing, PEER has not received a final determination on its FOIA request and FWS has not made the records "promptly available." FWS's responses to the FOIA request described above is now nine months overdue for a determination and "prompt" release of the records.

22. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for the FOIA request described in this complaint, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

23. Defendant's conduct amounts to a denial of PEER's FOIA request. FWS is frustrating PEER's efforts to adequately understand FWS's policies concerning employees speaking to, or having contact with, journalists or media outlets.

24. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the FWS to immediately make a determination and produce the records sought in PEER's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

25. Defendant's failure to make a determination on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv. Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on September 29, 2025,

__/s/  Colleen Zimmerman_____
Colleen Zimmerman, DC Bar # 90003410
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 464-2293
czimmerman@peer.org

*Attorney for Plaintiff*